067-245179-10

# Civil Docket

## Discovery: 2

Cause Of Action: INJUNCTION

| NAMES OF PARTIES | ATTORNEYS |
|---|---|

| Date Filed 04/30/2010 | VAL-COM ACQUISITIONS TRUST, ET AL | TIEMANN, STEPHEN W 2000 E LAMAR BLVD STE 600 |
|---|---|---|
| Jury Fee $ | vs. | ARLINGTON, TX 76006 BarID: 20021750TX   Ph (817) 275-7245   PLTF |
| Paid By | CITIMORTGAGE, INC. | BRIAN T. MORRIS    245179 WINSTEAD PC 1201 ELM STREET, SUITE 5400 DALLAS, TEXAS 75270 TEL 214-745-5400 FAX 214-745-5390 |

O R D E R S   O F   C O U R T

Was Steno Used?

Date of Orders

067-245179-10

A CERTIFIED COPY
ATTEST: June 1, 2010
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: _____ DEPUTY



CAUSE NO. _____ 067 245179 10

| | | |
|---|---|---|
| VAL-COM ACQUISITIONS TRUST, | } | IN THE DISTRICT COURT |
| RYAN ROBINSON, AND | } | |
| BARBARA J. ROBINSON | } | |
| | } | |
| Plaintiffs, | } | |
| | } | |
| v. | } | _____ JUDICIAL DISTRICT |
| | } | |
| CITIMORTGAGE, INC., | } | |
| | } | |
| Defendant. | } | OF TARRANT COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COME** Val-Com Acquisitions Trust, Ryan Robinson, and Barbara J. Robinson, hereinafter called Plaintiffs, complaining of and about CitiMortgage, Inc., hereinafter called Defendant, and for cause of action show the Court the following:

### SELECTION OF DISCOVERY LEVEL

Plaintiffs plead that discovery should be conducted in accordance with a discovery control plan under Texas Rule of Civil Procedure 190.3 (Level 2).

### PARTIES AND SERVICE OF CITATION

Plaintiff Val-Com Acquisitions Trust ("Val-Com") is a trust organized and existing under the laws of the State of Texas, whose address is 1205 N. Saginaw Blvd. D PMB 260, Saginaw, Texas 76179.

Plaintiff Ryan Robinson ("R Robinson") is an individual. The last three numbers of this

---

Plaintiffs' Original Petition                                                                                    Page 1

Plaintiff's social security number are 216. The last three numbers of this Plaintiff's driver's license number are 249.

Plaintiff Barbara J. Robinson ("B Robinson") is an individual. The last three numbers of this Plaintiff's social security number are 940. The last three numbers of this Plaintiff's driver's license number are 059.

Defendant CitiMortgage, Inc. ("Citi") is a foreign for-profit corporation registered and doing business in Texas and may be served with process by serving its registered agent, C T Corporation System, at its registered office, 350 N. St. Paul St., Ste. 2900, Dallas, Texas 75201. Service of said Defendant as described above can be effected by personal delivery.

## JURISDICTION AND VENUE

The subject matter in controversy is within the jurisdictional limits of this court.

This Court has jurisdiction over the parties because one or more of the Plaintiffs are residents of Texas, and Defendant is a foreign for-profit corporation registered and doing business in Texas.

Venue in Tarrant County is proper in this cause under Section 15.002 and / or Section 15.011 of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this county, or this action involves real property as provided by said Section 15.011, and this county is where all or part of the real property is located.

## FACTS

Plaintiff Val-Com is the owner of record of the real property and improvements described as follows (the "Property"):

LOT 29, BLOCK 1R1, THE HAMLET, AN ADDITION TO THE CITY OF FORT WORTH, TARRANT COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN CABINET A, SLIDE 10984, OF THE PLAT RECORDS OF TARRANT COUNTY, TEXAS, and being more commonly known as 2028 Alanbrooke Drive, Fort Worth, Texas 76140.

Furthermore, Plaintiff Val-Com is the authorized agent and / or attorney-in-fact of Plaintiffs R Robinson and B Robinson with respect to the Property and all transactions relating to the Property.

Plaintiffs R Robinson and B Robinson are the borrowers of a Note (the "Note") in the original principal amount of One Hundred Twenty Three Thousand Three Hundred and 00/100 Dollars ($123,300.00), and the Grantors of a Deed of Trust (the "Deed of Trust") executed as security for payment of the Note. The Deed of Trust states that the Property is security for payment of the Note.   Defendant Citi is the Current Mortgagee and Mortgage Servicer of the Note, under Loan Number 2004849773, and the Current Beneficiary of the Deed of Trust. At all material times, Defendant Citi has been regularly and substantially engaged in the business of extending or providing for the extension of credit to consumers. By virtue of conducting this business, Defedant Citi is a creditor within the meaning of the Truth in Lending Act, 15 U.S.C. Sec. 1601 et seq., and Regulation Z, 12 C.F.R. Part 226, promulgated thereunder.

Plaintiffs R Robinson and B Robinson submitted an application for a loan to Defendant Citi's predecessor. The loan proceeds were intended to be used by Plaintiffs R Robinson and B Robinson for personal, family, and household uses, and specifically for the purchase of a personal residence. The loan was therefore a consumer credit transaction under the Truth in Lending Act and Regulation Z. In addition, the loan applied for was federally related within the meaning of the Real Estate Settlement Procedures Act, 12 U.S.C. Sec. 2601 et seq. and 24 C.F.R. Part 3500, in that Defendant's

predecessor and Defendant Citi are institutions whose deposits are federally insured and / or Defendant's predecessor and Defendant Citi are federally regulated.

Plaintiffs R Robinson and B Robinson executed the Note and Deed of Trust pursuant to the loan application described above. Plaintiffs R Robinson and B Robinson thereby entered into a consumer credit transaction within the meaning of the Truth in Lending Act and Regulation Z.

Plaintiffs would show based on information and belief, and based on the performance of a preliminary audit of the loan documents and closing documents relating to the Note and Deed of Trust, that Defendant Citi's predecessor violated the provisions of the Truth in Lending Act and Regulation Z by failing to provide Plaintiffs R Robinson and B Robinson with required disclosure statements and other disclosures, and by failing to comply with procedures required by the Truth in Lending Act and Regulation Z.

Plaintiffs would show based on information and belief, and based on the performance of a preliminary audit of the loan documents and closing documents relating to the Note and Deed of Trust, that Defendant Citi's predecessor violated the provisions of the Real Estate Settlement Procedures Act by failing to provide Plaintiffs R Robinson and B Robinson with required disclosures statements and other disclosures, and by failing to comply with procedures required by the Real Estate Settlement Procedures Act.

Plaintiffs would show based on information and belief that when Defendant Citi became the Current Mortgagee and Mortgage Servicer by acquiring the Note executed by Plaintiffs R Robinson and B Robinson, and when Defendant Citi became the Current Beneficiary under the Deed of Trust executed by Plaintiffs R Robinson and B Robinson, the violations of the Truth in Lending Act and

Regulation Z, and the Real Estate Settlement Procedures Act, were manifest in the loan documents and closing documents relating to the Note and Deed of Trust. Therefore, Defendant Citi is liable for the violations described above.

When Plaintiffs R Robinson and B Robinson executed the Note and Deed of Trust pursuant to the loan application described above, Defendant's predecessor made oral and written representations to Plaintiffs R Robinson and B Robinson including, but not limited to, the following untrue statements of material fact:

a) That Plaintiffs R Robinson and B Robinson had received all information required to be disclosed to them by the Truth in Lending Act and Regulation Z;

b) That Plaintiffs R Robinson and B Robinson had received all information required to be disclosed to them by the Real Estate Settlement Procedures Act;

c) That the loan procedures and loan documents, including the Note and Deed of Trust that Plaintiffs R Robinson and B Robinson were required to sign, complied with all of the requirements of the Truth in Lending Act and Regulation Z; and

d) That the closing procedures and closing documents that Plaintiffs R Robinson and B Robinson were required to sign complied with all of the requirements of the Real Estate Settlement Procedures Act.

Plaintiffs would show based on information and belief that all of these representations made

by Defendant's predecessor were false. When Defendant's predecessor made the representations described above, Defendant's predecessor either knew they were false or made them recklessly without any knowledge of the truth, and made them as positive assertions.

Defendant's predecessor made the representations described above with the intent of inducing Plaintiffs R Robinson and B Robinson to execute the Note and Deed of Trust.

Relying on Defendant's predecessor's representations described above, Plaintiffs R Robinson and B Robinson executed the Note and Deed of Trust. Plaintiffs R Robinson and B Robinson have a right to receive and consider all of the information required to be disclosed to them by the Truth in Lending Act and Regulation Z, and the Real Estate Settlement Procedures, and it is possible that Plaintiffs R Robinson and B Robinson would not have executed the Note and Deed of Trust but for Defendant's predecessor's representations.

Plaintiffs would show based on information and belief that when Defendant Citi became the Current Mortgagee and Mortgage Servicer by acquiring the Note executed by Plaintiffs R Robinson and B Robinson, and when Defendant Citi became the Current Beneficiary under the Deed of Trust executed by Plaintiffs R Robinson and B Robinson, the violations of the Truth in Lending Act, Regulation Z, and the Real Estate Settlement Procedures Act were manifest in the loan documents and closing documents relating to the Note and Deed of Trust. Therefore, Defendant Citi is liable for the untrue statements of material fact described above.

## PLAINTIFFS' CLAIM FOR VIOLATIONS OF THE TRUTH IN LENDING ACT

Defendant's predecessor's and Defendant's continuing failures to provide Plaintiffs R Robinson and B Robinson with required disclosure statements and other disclosures, and failures to

comply with procedures required by the Truth in Lending Act and Regulation Z promulgated thereunder, constitute violations of the Truth in Lending Act and of Regulation Z. As a direct and proximate result of Defendant's predecessor's and Defendant's violations of the Truth in Lending Act and of Regulation Z, Plaintiffs are entitled to statutory damages under the Truth in Lending Act and Regulation Z, and have suffered actual economic damages in an amount within the jurisdictional limits of this Court.

## PLAINTIFFS' CLAIM FOR VIOLATIONS OF THE REAL ESTATE SETTLEMENT PROCEDURES ACT

Defendant's predecessor's and Defendant's continuing failures to provide Plaintiffs R Robinson and B Robinson with required disclosure statements and other disclosures, and failures to comply with procedures required by the Real Estate Settlement Procedures Act, constitute violations of the Real Estate Settlement Procedures Act. As a direct and proximate result of Defendant's predecessor's and Defendant's violations of the Real Estate Settlement Procedures Act, Plaintiffs have suffered actual economic damages in an amount within the jurisdictional limits of this Court.

## PLAINTIFFS' CLAIM FOR FRAUD IN A REAL ESTATE TRANSACTION

In connection with Plaintiffs R Robinson's and B Robinson's execution and delivery of the Note and Deed of Trust pursuant to the loan application described above, Defendant's predecessor made false representations of past or existing material facts. Defendant's predecessor's false representations were made to Plaintiffs R Robinson and B Robinson for the purpose of inducing them to execute the Note and Deed of Trust. Defendant's predecessor's false representations were relied on by Plaintiffs R Robinson and B Robinson in executing the Note and Deed of Trust.

Defendant's predecessor's false representations constitute violations of Section 27.01 of the Texas Business and Commerce Code, "Fraud in Real Estate and Stock Transactions".

Plaintiffs would show based on information and belief that when Defendant Citi became the Current Mortgagee and Mortgage Servicer by acquiring the Note executed by Plaintiffs R Robinson and B Robinson, and when Defendant Citi became the Current Beneficiary under the Deed of Trust executed by Plaintiffs R Robinson and B Robinson, the false representations of past or existing material facts were manifest in the loan documents and closing documents relating to the Note and Deed of Trust. Therefore, Defendant Citi is liable for the untrue statements of material fact described above.

As a direct and proximate result of Defendant's violations of Section 27.01, Plaintiffs have suffered actual economic damages in an amount within the jurisdictional limits of this Court.

Plaintiffs would further show that Defendant's predecessors and Defendant's false representations were made, continued, and not corrected with actual awareness by Defendant Citi of their falsity. Therefore, Defendant Citi is liable to Plaintiffs for exemplary damages.

## PLAINTIFFS' REQUEST FOR A DECLARATORY JUDGMENT

Plaintiffs petition this Court pursuant to the Uniform Declaratory Judgments Act ("the UDJA"), Chapter 37 of the Texas Civil Practices and Remedies Code, for construction of the Note and Deed of Trust executed by Plaintiffs R Robinson and B Robinson and held by Defendant Citi, and a declaration that Defendant Citi is not entitled to enforce the Note and Deed of Trust by means of a non-judicial foreclosure sale.

The UDJA provides that "its purpose is to settle and to afford relief from uncertainty and

---

insecurity with respect to rights, status, and other legal relations; and it is to be liberally construed and administered." Furthermore, "a person interested under a deed, will, written contract, or other writings constituting a contract or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder."

Plaintiffs seek a declaration from this Court that when Plaintiffs R Robinson and B Robinson executed the Note and Deed of Trust, they had a right to receive and consider all of the information required to be disclosed to them by the Truth in Lending Act and Regulation Z, and the Real Estate Settlement Procedures. Furthermore, Plaintiffs seek a declaration that they did not receive all of the information required to be disclosed to them by the Truth in Lending Act and Regulation Z, and the Real Estate Settlement Procedures, and that they are currently entitled to receive and consider all of the information required to be disclosed to them by the Truth in Lending Act and Regulation Z, and the Real Estate Settlement Procedures.

Defendant Citi is attempting to enforce the Note and Deed of Trust by means of a non-judicial foreclosure sale. Plaintiffs request that this court declare that due to Defendant's predecessor's and Defendant's continuing failures to provide Plaintiffs R Robinson and B Robinson with required disclosure statements and other disclosures, and failures to comply with procedures required by the Truth in Lending Act and Regulation Z, and the Real Estate Settlement Procedures Act, Defendant Citi is not entitled to enforce the Note and Deed of Trust by means of a non-judicial foreclosure sale.

## PLAINTIFFS' REQUEST FOR A TEMPORARY RESTRAINING ORDER, PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF

Plaintiffs would show based on information and belief, and based on the performance of a preliminary audit of the loan documents and closing documents relating to the Note and Deed of Trust, that Defendant Citi's predecessor violated the provisions of the Truth in Lending Act and Regulation Z by failing to provide Plaintiffs R Robinson and B Robinson with required disclosure statements and other disclosures, and by failing to comply with procedures required by the Truth in Lending Act and Regulation Z.

Plaintiffs would show based on information and belief, and based on the performance of a preliminary audit of the loan documents and closing documents relating to the Note and Deed of Trust, that Defendant Citi's predecessor violated the provisions of the Real Estate Settlement Procedures Act by failing to provide Plaintiffs R Robinson and B Robinson with required disclosures statements and other disclosures, and by failing to comply with procedures required by the Real Estate Settlement Procedures Act.

Plaintiffs would show based on information and belief that when Defendant Citi became the Current Mortgagee and Mortgage Servicer by acquiring the Note executed by Plaintiffs R Robinson and B Robinson, and when Defendant Citi became the Current Beneficiary under the Deed of Trust executed by Plaintiffs R Robinson and B Robinson, the violations of the Truth in Lending Act and Regulation Z, and the Real Estate Settlement Procedures Act, were manifest in the loan documents and closing documents relating to the Note and Deed of Trust. Therefore, Defendant Citi is liable for the violations described above.

When Plaintiffs R Robinson and B Robinson executed the Note and Deed of Trust, they had a right to receive and consider all of the information required to be disclosed to them by the Truth in Lending Act and Regulation Z, and the Real Estate Settlement Procedures Act. Furthermore, Plaintiffs R Robinson and B Robinson did not receive all of the information required to be disclosed to them by the Truth in Lending Act and Regulation Z, and the Real Estate Settlement Procedures Act. Furthermore, they are currently entitled to receive and consider all of the information required to be disclosed to them by the Truth in Lending Act and Regulation Z, and the Real Estate Settlement Procedures Act.

Defendant Citi has threatened irreparable harm to Plaintiffs' rights and property interests by attempting to enforce the Note and Deed of Trust by means of a non-judicial foreclosure sale. Specifically, Defendant Citi has posted the Property for a non-judicial foreclosure sale on Tuesday, May 4, 2010.

Defendant Citi's conduct is wrongful because Defendant has known or should have known that Plaintiffs R Robinson and B Robinson executed the Note and Deed of Trust without receiving all of the information required to be disclosed to them by the Truth in Lending Act and Regulation Z, and the Real Estate Settlement Procedures Act, and without the benefit of the procedures required by the Truth in Lending Act and Regulation Z, and the Real Estate Settlement Procedures Act.

Plaintiffs will continue to be damaged and injured by Defendant Citi's conduct until they receive the information required to be disclosed to them by the Truth in Lending Act and Regulation Z, and the Real Estate Settlement Procedures Act, and receive the benefits of the procedures required by the Truth in Lending Act and Regulation Z, and the Real Estate Settlement Procedures Act.

Plaintiffs require injunctive relief to prevent Defendant Citi from benefiting from violations of the Truth in Lending Act and Regulation Z, and the Real Estate Settlement Procedures Act.

Plaintiffs have alleged multiple causes of action against Defendant Citi. As indicated in this petition, Plaintiffs have shown a probable right of recovery and likelihood of success on the merits. Plaintiffs will suffer imminent, irreparable harm without Court intervention, and there is no adequate remedy at law. Without Court intervention, Plaintiffs will suffer a permanent loss of the use and benefit of the Property, and Defendant Citi will have no reason or incentive to provide Plaintiffs with the information required to be disclosed to them by the Truth in Lending Act and Regulation Z, and the Real Estate Settlement Procedures Act, and the procedures required by the Truth in Lending Act and Regulation Z, and the Real Estate Settlement Procedures Act.

Plaintiffs will suffer imminent injury that will be irreparable and for which no remedy at law exists without the protections of a temporary restraining order and injunctive relief.

The only adequate, effective, and complete relief to the Plaintiffs is to restrain Defendant Citi from conducting a non-judicial foreclosure sale of the Property on Tuesday, May 4, 2010, or a subsequent date. Pursuant to Tex. R. Civ. P. § 680 et seq. and Tex. Civ. Prac. & Rem. Code § 65.001 et seq., and in order to preserve the status quo during the pendency of this action, the Plaintiff seeks a temporary restraining order, and upon hearing, a temporary and permanent injunction, ordering and immediately restraining the Defendant, including the Defendant's agents, servants, employees, independent contractors, attorneys, representatives, and those persons or entities in active concert or participation with them (collectively, the "Restrained Parties") from conducting a non-judicial foreclosure sale of the Property on Tuesday, May 4, 2010, or a subsequent date.

## PLAINTIFFS' MOTION FOR MEDIATION

Plaintiffs request that this Court refer this suit to non-binding mediation pursuant to the Texas Civil Practice and Remedies Code, Section 154.001, et. seq. and, in support thereof, show the Court the following:

Section 154.002, of the Texas Civil Practice and Remedies Code, in pertinent part, provides that "it is the policy of this State to encourage the peaceable resolution of disputes, with special consideration given to . . . the early settlement of pending litigation through voluntary settlement procedures." Section 154.003 provides that "it is the responsibility of all trial and appellate courts . . . to carry out the policy under Section 154.002."

Mediation is a non-binding confidential process. Therefore, the parties have all to gain and nothing to lose in attempting a resolution of this matter using the mediation approach. The costs of mediation should be divided equally and taxed as costs.

Plaintiffs move that the Court refer this matter to a qualified mediator or a mediators' organization as the Court determines. Mediation is defined in Section 154.023, Tex. Civ. Prac. & Rem. Code as follows:

(a)    Mediation is a forum in which an impartial person, the mediator, facilitates communication between parties to promote reconciliation, settlement, or understanding among them.

(b)    A mediator may not impose his own judgment of the issues for that of the parties.

This Court has authority to order mediation under Section 154.003, Tex. Civ. Prac. & Rem. Code, which provides that:

"A court may, on its own motion or the motion of a party, refer a pending dispute for resolution by an alternative dispute resolution procedure . . . ."

---

## PLAINTIFFS' REQUEST FOR ATTORNEY'S FEES

The Plaintiffs have retained the undersigned counsel to represent them in this action and have agreed to pay the undersigned counsel reasonable and necessary attorney's fees. An award of reasonable and necessary attorney's fees to the Plaintiffs would be equitable and just, and is authorized by Federal law and Texas law.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs respectfully pray that the Defendant be cited to appear and answer herein, and that Plaintiffs be granted the following relief:

1.    A temporary restraining order, and upon hearing, a temporary injunction, ordering and immediately restraining Defendant Citi, including the Defendant's agents, servants, employees, independent contractors, attorneys, representatives, and those persons or entities in active concert or participation with them (collectively, the "Restrained Parties") from conducting a non-judicial foreclosure sale of the Property on Tuesday, May 4, 2010, or a subsequent date;

2.    Upon final trial, judgment against Defendant Citi for full permanent injunctive relief enjoining the Defendant, including the Defendant's agents, servants, employees, independent contractors, attorneys, representatives, and those persons or entities in active concert or participation with them (collectively, the "Enjoined Parties") from conducting a non-judicial foreclosure sale of the Property;

3.    A declaration from this Court that when Plaintiffs R Robinson and B Robinson executed the Note and Deed of Trust, they had a right to receive and consider all of the

information required to be disclosed to them by the Truth in Lending Act and Regulation Z, and the Real Estate Settlement Procedures.

4.       A declaration from this Court that Plaintiffs R Robinson and B Robinson did not receive all of the information required to be disclosed to them by the Truth in Lending Act and Regulation Z, and the Real Estate Settlement Procedures, and that they are currently entitled to receive and consider all of the information required to be disclosed to them by the Truth in Lending Act and Regulation Z, and the Real Estate Settlement Procedures.

5.       A declaration from this Court that due to Defendant's predecessor's and Defendant's failures to provide Plaintiffs R Robinson and B Robinson with required disclosure statements and other disclosures, and failures to comply with procedures required by the Truth in Lending Act, Regulation Z, and the Real Estate Settlement Procedures Act, Defendant Citi is not entitled to enforce the Note and Deed of Trust by means of a non-judicial foreclosure sale.

6.       Judgment against Defendant Citi for statutory damages under the Truth in Lending Act;

7.       Judgment against Defendant Citi for actual damages, within the jurisdictional limits of this Court;

8.       Judgment against Defendant Citi for exemplary damages, within the jurisdictional limits of this Court;

9.       Prejudgment interest as provided by law;

## VERIFICATION

STATE OF TEXAS                 §
§
COUNTY OF DALLAS         §

       BEFORE ME, the undersigned authority, personally appeared Stephen W. Tiemann, who, on

oath, stated that the statements made in the foregoing **REQUEST FOR A TEMPORARY**

**RESTRAINING ORDER, PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF**

are within his personal knowledge and are true and correct.

                           _____
                           Stephen W. Tiemann

       SUBSCRIBED AND SWORN TO BEFORE ME on this the 30 day of April,

2010, to certify which witness my hand and seal of office.



BETH MARIE LUX
Notary Public, State of Texas
My Commission Expires
October 26, 2011

                           _____
                           Notary Public, State of Texas

## CERTIFICATE PURSUANT TO LOCAL RULES

       This is to certify that this case is not subject to transfer under Local Rules.

By: _____
                     Stephen W. Tiemann

CAUSE NO. 061 245179 10

| | |
|---|---|
| **VAL-COM ACQUISITIONS TRUST,**<br>**RYAN ROBINSON, AND**<br>**BARBARA J. ROBINSON** } | **IN THE DISTRICT COURT** |
| **Plaintiffs,** } | |
| **v.** } | _____ **JUDICIAL DISTRICT** |
| **CITIMORTGAGE, INC.,** } | |
| **Defendant.** } | **OF TARRANT COUNTY, TEXAS** |

## PLAINTIFFS' REQUESTS FOR DISCLOSURE

TO: Defendant CitiMortgage, Inc. by and through its registered agent, C T Corporation System, at its registered office, 350 N. St. Paul St., Ste. 2900, Dallas, Texas 75201.

Pursuant to *Texas Rule of Civil Procedure 194*, you are requested to disclose, within 50 days of service of this request, the information or material described in Rule 194.2 (a), (b), (c), (d), (e), (f), (g), (h), (i), and (l).

Respectfully submitted,

By: _____
Stephen W. Tiemann
Texas Bar No. 20021750
2000 E. Lamar Blvd.
Suite 600
Arlington, TX 76006
Tel. (817) 275-7245
Fax. (817) 275-1056
Email: steve@swtlaw.net
Attorney for Plaintiffs

---

Plaintiffs' Original Petition



# THE STATE OF TEXAS
## DISTRICT COURT, TARRANT COUNTY

### *CITATION*

Cause No. 067-245179-10

VAL-COM ACQUISITIONS TRUST, ET AL
VS.
CITIMORTGAGE, INC.

## TO: CITIMORTGAGE INC.

B/S REG AGENT CT CORPORATION SYSTEM 350 N. ST. PAUL ST. #2900 DALLAS, TX 75:

You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION
at or before 10 o'clock A.M. of the Monday next after
the expiration of 20 days after the date of service hereof before the 67th District Court
,401 W BELKNAP, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas
said PLAINTIFF being

VAL-COM ACQUISITIONS TRUST

Filed in said Court on April 30th, 2010 Against
CITIMORTGAGE INC.

For suit, said suit being numbered 067-245179-10 the nature of which demand is as shown on said
PLAINTIFF'S ORIGINAL PETITION a copy of which accompanies this citation.

STEPHEN W TIEMANN
Attorney for VAL-COM ACQUISITIONS TRUST Phone No. (817)275-7245
Address 2000 E LAMAR BLVD STE 600 ARLINGTON, TX 76006

_____Thomas A. Wilder_____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal
of said Court, at office in the City of Fort Worth, this the 30th day of April, 2010.

By _____ Deputy
JUANITA VEGA

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the
clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were
served this citation and petition, a default judgment may be taken against you.

Thomas A. Wilder, Tarrant County District Clerk, 401 W BELKNAP, FORT WORTH TX 76196-0402

## OFFICER'S RETURN

Received this Citation on the _____ day of _____, _____ at _____ o'clock ___M; and executed at
_____ within the county of _____, State of _____ at _____ o'clock ___M
on the _____ day of _____, _____ by delivering to the within named (Def.): _____
defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION
, having first endorsed on same the date of delivery.

Authorized Person/Constable/Sheriff: _____
County of _____ State of_____ By _____ Deputy

Fees $_____
State of _____ County of _____ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _____ before me this _____ day of _____, ____
to certify which witness my hand and seal of office
(Seal)
County of _____, State of _____

# AFFIDAVIT OF SERVICE

**State of Texas**                     **County of Tarrant**                     **067th District Court**

Case Number: 067-245179-10



LAW2010001446

Plaintiff:
**Val-Com Aquisitions Trust, Etal**

vs.

Defendant:
**CitiMortgage, Inc.**

Received by LAWYERS CIVIL PROCESS, INC. on the 6th day of May, 2010 at 3:29 pm to be served on **Citimortgage, Inc. By delivering to its Registered Agent, C.T. Corporation, 350 N. St. Paul Street, #2900, Dallas, Dallas County, TX 75201.**

I, Brandon Sachse, being duly sworn, depose and say that on the **7th day of May, 2010 at 11:45 am, I:**

served a **CORPORATION** by delivering a true copy of the **Citation with Plaintiff's Original Petition, Request for Disclosure** with the date of service endorsed thereon by me, to: CT Corporation System by delivering to **Amber Carruth as Registered Agent** for Citimortgage, Inc., at the address of: **350 N. St. Paul Street, #2900, Dallas, Dallas County, TX 75201**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served:  Age: 27,  Sex: F,  Race/Skin Color: White,  Height: 5'7",  Weight: 180,  Hair: Blonde,  Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the State of Texas.

Subscribed and sworn to before me on the 7th day of
May, 2010 by the affiant who is personally known to
me.

Notary Public

**Brandon Sachse**
SCH-1082

**LAWYERS CIVIL PROCESS, INC.**
400 S. Houston Street, Ste 105
Dallas, TX 75202
(214) 651-7111

Our Job Serial Number: LAW-2010001446

MELISSA PEREZ
MY COMMISSION EXPIRES
December 4, 2012

Copyright © 1992-2010 Database Services, Inc. - Process Server's Toolbox V6.4b





CAUSE NO. 067-245179-10

| | | |
|---|---|---|
| VAL-COM ACQUISITIONS TRUST, RYAN ROBINSON, AND BARBARA J. ROBINSON, | § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § | |
| V. | § § | 67TH JUDICIAL DISTRICT |
| | § § | |
| CITIMORTGAGE, INC, | § § | |
| Defendant. | § | TARRANT COUNTY, TEXAS |

## DEFENDANT CITIMORTGAGE, INC.'S ORIGINAL ANSWER

Defendant CitiMortgage, Inc. ("CitiMortgage") makes and files this its Original Answer to Plaintiffs Original Petition (the "Petition") filed by Plaintiffs Val-Com Acquisitions Trust, Ryan Robinson and Barbara J. Robinson (collectively, the "Plaintiffs"), and for this cause of action would show the Court as follows:

### AFFIRMATIVE DEFENSES

#### Limitations

1.     CitiMortgage affirmatively asserts that some or all the claims asserted by Plaintiffs including but not limited to Plaintiffs claims for alleged violations of the Truth In Lending Act ("TILA") are barred by the applicable statute of limitations.

#### Inapplicability of Texas Business & Commerce Code §27.01

2.     CitiMortgage affirmatively asserts that Plaintiffs' claim for fraud in a real estate transaction fails because Texas Business & Commerce Code §27.01 does not apply to a claim involving a loan including but not limited to a purchase money loan. Burleson State Bank v. Plunkett, 27 S.W.3d 605, 611, (Tex. App. – Waco, pet. denied); Texas Commerce Bank v. Lebco Constructors, 865 S.W.2d 68, 82 (Tex. App. – Corpus Christi 1993, writ denied); Greenway

DEFENDANT CITIMORTGAGE, INC.'S ORIGINAL ANSWER – Page 1

Bank & Trust v. Smith, 679 S.W.2d 592, 596 (Tex. App. – Houston [1st Dist.] 1984, writ ref'd, n.r.e.).

### Loan at Issue Exempt From Both RESPA and TILA

3.     CitiMortgage affirmatively asserts that neither the Real Estate Settlement Procedures Act ("RESPA") or TILA applies to the loan at issue because the loan was a commercial loan for a commercial purpose and secured by an investment property, and therefore the loan is exempt from RESPA (12 U.S.C. §2606(a)) and from TILA (15 U.S.C. §1603(1)).

### No Private Cause of Action

4.     CitiMortgage affirmatively asserts that there is no private cause of action under RESPA for the purported violations alleged by Plaintiffs.

### GENERAL DENIAL

5.     Pursuant to Rule 92 of the Texas Rule of Civil Procedure, CitiMortgage denies each and every, all and singular, the allegations set forth in the Petition, and CitiMortgage demands strict proof thereof reserving CitiMortgage's right to assert any additional defenses and claims which may be applicable.

WHEREFORE, PREMISES CONSIDERED, CitiMortgage requests that upon hearing Plaintiffs take nothing by way of their claims and that CitiMortgage be awarded a judgment from and against Plaintiffs for its attorney's fees pursuant to Texas Civil Practice & Remedies Code §37.009 costs of a judgment for its suit and for such other and further relief both at law and at equity as to which CitiMortgage may show itself to be justly entitled.

Respectfully submitted,

WINSTEAD PC

By: _____

     Brian T. Morris
     State Bar No. 14469600
     Kent B. Pearson
     State Bar No. 24037256

5400 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270
(214) 745-5400 / (214) 745-5390 – FAX

**ATTORNEYS FOR DEFENDANT
CITIMORTGAGE, INC.**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was served upon the following counsel of record via facsimile on the _____ day of May, 2010.

Stephen W. Tiemann
2000 E. Lamar Blvd, Ste. 600
Arlington, Texas 76006
(817) 275-7245
(817) 275-1056 facsimile

ATTORNEY FOR PLAINTIFFS
VAL-COM ACQUISITIONS TRUST,
RYAN ROBINSON, AND BARBARA J. ROBINSON

ONE OF COUNSEL



**WINSTEAD**

Austin   Dallas   Fort Worth   Houston   San Antonio   The Woodlands   Washington, D.C.

May 27, 2010

5400 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270

214.745.5400 OFFICE
214.745.5390 FAX
winstead.com

direct dial: 214/745-5714
bmorris@winstead.com

**via HAND DELIVERY**
Thomas A. Wilder
District Clerk
Tarrant County Justice Center
401 W. Belknap, 3rd Floor
Fort Worth, TX 76196

Re:     Cause No. 067-245179-10; Val-Com Acquisitions Trust, Ryan Robinson, and Barbara J. Robinson; In the 67th District Court of Tarrant County, Texas

Dear Sir or Madam:

Enclosed for filing please find an original and one copy of Defendant CitiMortgage, Inc.'s Original Answer in the above-entitled and numbered cause of action. Please file the enclosed answer and return a file-marked copy to me via the waiting courier.

By copy of this letter, counsel for Plaintiff is being provided a true and correct copy of this filing.

If you have any questions or comments or require additional information, please do not hesitate to contact me.

Sincerely,

Brian T. Morris

BTM/pjh
Enclosure

cc:     Stephen W. Tiemann (w/enc., via facsimile)

WINSTEAD PC    ATTORNEYS

CTJRMT

JS 44 (TXND Rev. 2/10)

**ORIGINAL**

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

RECEIVED
U.S. DISTRICT COURT
NORTH DIVISION

## I. (a) PLAINTIFFS
Val-Com Acquisitions Trust, Ryan Robinson, and Barbara J. Robinson

**DEFENDANTS**
CitiMortgage, Inc.

2010 JUN -4 AM 11: 37

**4-10CV-390-Y**

**(b)** County of Residence of First Listed Plaintiff   **Tarrant**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   New York, NY
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Stephen W. Tiemann, 2000 E. Lamar Blvd., Ste. 600, Arlington, Texas
76006, (817) 275-7245

Attorneys (If Known)
Brian T. Morris/Kent B. Pearson, Winstead PC, 5400 Renaissance
Tower, 1201 Elm Street, Dallas, Texas 75270, (214) 745-5400

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | | |
|---|---|---|
| ❏ 1 | U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ❏ 2 | U.S. Government Defendant | ❏ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)     and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated or Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated and Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 610 Agriculture | ❏ 422 Appeal 28 USC 158 | ❏ 400 State Reapportionment |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 362 Personal Injury - | ❏ 620 Other Food & Drug | ❏ 423 Withdrawal | ❏ 410 Antitrust |
| ❏ 130 Miller Act | ❏ 315 Airplane Product | Med. Malpractice | ❏ 625 Drug Related Seizure | 28 USC 157 | ❏ 430 Banks and Banking |
| ❏ 140 Negotiable Instrument | Liability | ❏ 365 Personal Injury - | of Property 21 USC 881 | | ❏ 450 Commerce |
| ❏ 150 Recovery of Overpayment | ❏ 320 Assault, Libel & | Product Liability | ❏ 630 Liquor Laws | **PROPERTY RIGHTS** | ❏ 460 Deportation |
| & Enforcement of Judgment | Slander | ❏ 368 Asbestos Personal | ❏ 640 R.R. & Truck | ❏ 820 Copyrights | ❏ 470 Racketeer Influenced and |
| ❏ 151 Medicare Act | ❏ 330 Federal Employers' | Injury Product | ❏ 650 Airline Regs. | ❏ 830 Patent | Corrupt Organizations |
| ❏ 152 Recovery of Defaulted | Liability | Liability | ❏ 660 Occupational | ❏ 840 Trademark | ❏ 480 Consumer Credit |
| Student Loans | ❏ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ❏ 490 Cable/Sat TV |
| (Excl. Veterans) | ❏ 345 Marine Product | ❏ 370 Other Fraud | ❏ 690 Other | | ❏ 810 Selective Service |
| ❏ 153 Recovery of Overpayment | Liability | ❏ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ❏ 850 Securities/Commodities/ |
| of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 380 Other Personal | ❏ 710 Fair Labor Standards | ❏ 861 HIA (1395ff) | Exchange |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle | Property Damage | Act | ❏ 862 Black Lung (923) | ❏ 875 Customer Challenge |
| ❏ 190 Other Contract | Product Liability | ❏ 385 Property Damage | ❏ 720 Labor/Mgmt. Relations | ❏ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ❏ 195 Contract Product Liability | ❏ 360 Other Personal | Product Liability | ❏ 730 Labor/Mgmt.Reporting | ❏ 864 SSID Title XVI | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | Injury | | & Disclosure Act | ❏ 865 RSI (405(g)) | ❏ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ❏ 892 Economic Stabilization Act |
| ❏ 210 Land Condemnation | ❏ 441 Voting | ❏ 510 Motions to Vacate | ❏ 790 Other Labor Litigation | ❏ 870 Taxes (U.S. Plaintiff | ❏ 893 Environmental Matters |
| ❏ 220 Foreclosure | ❏ 442 Employment | Sentence | ❏ 791 Empl. Ret. Inc. | or Defendant) | ❏ 894 Energy Allocation Act |
| ❏ 230 Rent Lease & Ejectment | ❏ 443 Housing/ | **Habeas Corpus:** | Security Act | ❏ 871 IRS—Third Party | ❏ 895 Freedom of Information |
| ❏ 240 Torts to Land | Accommodations | ❏ 530 General | | 26 USC 7609 | Act |
| ❏ 245 Tort Product Liability | ❏ 444 Welfare | ❏ 535 Death Penalty | **IMMIGRATION** | | ❏ 900Appeal of Fee Determination |
| ❏ 290 All Other Real Property | ❏ 445 Amer. w/Disabilities - | ❏ 540 Mandamus & Other | ❏ 462 Naturalization Application | | Under Equal Access |
| | Employment | ❏ 550 Civil Rights | ❏ 463 Habeas Corpus - | | to Justice |
| | ❏ 446 Amer. w/Disabilities - | ❏ 555 Prison Condition | Alien Detainee | | ❏ 950 Constitutionality of |
| | Other | | ❏ 465 Other Immigration | | State Statutes |
| | ❏ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | | | Appeal to District |
|---|---|---|---|---|---|---|
| ❏ 1 Original Proceeding | ☒ 2 Removed from State Court | ❏ 3 Remanded from Appellate Court | ❏ 4 Reinstated or Reopened | ❏ 5 Transferred from another district (specify) | ❏ 6 Multidistrict Litigation | ❏ 7 Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1331, 15 U.S.C. § 1601, et seq., 12 C.F.R. Part 226, 12 U.S.C. § 2601, et seq.
Brief description of cause:
Alleged failure of lender to provide disclosures required by TILA, RESPA, and Regulation Z, et seq.

## VII. REQUESTED IN COMPLAINT:
❏ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ❏ Yes  ☒ No

## VIII. RELATED CASE(S)  (See instructions)
PENDING OR CLOSED:

JUDGE _____   DOCKET NUMBER _____

DATE  06/04/10   SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## United States District Court
## Northern District of Texas

## Supplemental Civil Cover Sheet For Cases Removed
## From State Court

**This form must be attached to the Civil Cover Sheet at the time the case is filed in the U.S. District Clerk's Office. Additional sheets may be used as necessary.**

1.   **State Court Information:**

Please identify the court from which the case is being removed and specify the number assigned to the case in that court.

| Court | Case Number |
|---|---|
| 67th Judicial District Court, Tarrant County | 067-245179-10 |

2.   **Style of the Case:** *Val-Com Acquisitions Trust, Ryan Robinson, and Barbara J. Robinson v. CitiMortgage, Inc.*

Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s), Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their party type. Also, please list the attorney(s) of record for each party named and include their bar number, firm name, correct mailing address, and phone number (including area code.)

| Party and Party Type | Attorney(s) |
|---|---|
| Val-Com Acquisitions Trust (Plaintiff) | Stephen W. Tiemann<br>TX Bar No. 20021750<br>2000 E. Lamar Blvd., Suite 600<br>Arlington, Texas 76006<br>(817) 275-7245 (tel)<br>(817) 275-1056 (fax) |
| Ryan Robinson (Plaintiff) | Stephen W. Tiemann<br>TX Bar No. 20021750<br>2000 E. Lamar Blvd., Suite 600<br>Arlington, Texas 76006<br>(817) 275-7245 (tel)<br>(817) 275-1056 (fax) |

Barbara J. Robinson (Plaintiff)

Stephen W. Tiemann
TX Bar No. 20021750
2000 E. Lamar Blvd., Suite 600
Arlington, Texas 76006
(817) 275-7245 (tel)
(817) 275-1056 (fax)

CitiMortgage, Inc. (Defendant)

Brian T. Morris
TX Bar No. 14469600
Kent B. Pearson
TX Bar No. 24037256
WINSTEAD PC
5400 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270-2199
(214) 745-5400 (tel)
(214) 745-5390 (fax)

3. **Jury Demand:**

Was a Jury Demand made in State Court?    **NO**

    If "*Yes*," by which party and on what date?

_____    _____
Party                                      Date

4. **Answer:**

Was an Answer made in State Court?    **YES**

If "*Yes*," by which party and on what date?

**CitiMortgage, Inc.**                             05/27/10

5. **Unserved Parties:**

The following parties have not been served at the time this case was removed:

    **Party**                                  **Reason(s) for No Service**

    **N/A**

6.   **Nonsuited, Dismissed or Terminated Parties:**

Please indicate any changes from the style on the State Court papers and the reason for that change:

| **Party** | **Reason** |
|---|---|
| N/A | |

7.   **Claims of the Parties:**

The filing party submits the following summary of the remaining claims of each party in this litigation:

| **Party** | **Claim(s)** |
|---|---|
| Val-Com Acquisitions Trust (Plaintiff) | Alleged failure of Defendant to provide disclosures required by TILA, RESPA and Regulation Z, et seq. |
| Ryan Robinson (Plaintiff) | Alleged failure of Defendant to provide disclosures required by TILA, RESPA and Regulation Z, et seq. |
| Barbara J. Robinson (Plaintiff) | Alleged failure of Defendant to provide disclosures required by TILA, RESPA and Regulation Z, et seq. |